**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| HENRIQUE CAMARGO DE OLIVEIRA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.: 2:26-cv-01272 |
| | : | |
| WARDEN, PHILADELPHIA FEDERAL | : | |
| DETENTION CENTER, | : | |
| Defendant. | : | |

---

## ORDER

**AND NOW**, this    11th    day of March, 2026, upon consideration of the Petition for Writ of

Habeas Corpus (ECF No. 1), and the Government's Response in Opposition to Petition for Writ of

Habeas Corpus (ECF No. 7), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED**[1]

as follows:

---

[1] Mr. Camargo De Oliveria ("Petitioner") has resided in the United States since entering without inspection on an unknown date prior to May 10, 2024. *See* Pet. for Habeas Corpus at ¶ 16. Petitioner was subsequently placed in removal proceedings and released on ICE supervision pursuant to INA § 236(a), 8 U.S.C. § 1226(a). *Id.* at ¶ 19. During this period, Petitioner complied with all ICE reporting requirements. *Id.* at ¶ 20. On August 22, 2024, Petitioner notified ICE that his address had changed and received documentation confirming the location of his next reporting appointment after submitting the change of address. *Id.* at ¶¶ 21–22. On August 29, 2024, Petitioner reported as directed and manually completed the ICE change-of-address paperwork. *Id.* at ¶ 23. ICE accepted Petitioner's updated address and continued his supervision. *Id.* at ¶ 24. Following August 2024, ICE scheduled Petitioner for another reporting appointment on February 25, 2026. *Id.* at ¶ 25. Petitioner appeared voluntarily and on time for that appointment, at which point ICE arrested him during the check-in. *Id.* at ¶¶ 25–26.

Since that time, he has remained in custody based on the Government's theory that the Immigration and Nationality Act makes his detention mandatory. However, mandatory detention only applies to those "seeking admission," and Petitioner has been living in the United States for approximately two years. For that reason, and for the additional reasons set forth below, the Court grants the Petition (ECF No. 1) and orders Petitioner's immediate release.

Petitioner maintains that his detention is unlawful because the Government has improperly placed him in mandatory detention without bond under § 1225(b)(2), in violation of due process. The Government counters and argues that (1) Mr. Camargo De Oliveria is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (2) Mr. Camargo De Oliveria's detention does not offend due process. The overwhelming majority of federal courts, including this Court, have rejected these arguments. *See e.g.,*

1.      Mr. Camargo De Oliveria is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.      The Government shall **RELEASE** Mr. Camargo De Oliveria from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on March 13, 2026;

3.      If the Government chooses to pursue re-detention of Mr. Camargo De Oliveria pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.;

4.      Petitioner's Motion to Expedite (ECF No. 4) is **DENIED** as **MOOT**; and

---

*Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

The Government further asserts that Petitioner is "seeking admission" and is thus covered by § 1225(b)(2). Under *Wisconsin Central. Ltd. v. United States*, 585 U.S. 274, 277 (2018), statutory terms must be interpreted according to their ordinary meaning at the time of enactment. The terms of § 1225(b)(2) support limiting the provision to noncitizens just arriving to the United States or those that have recently arrived. *Ndiaye v. Jamison*, 2025 WL 3229307, at *5 (E.D. Pa. Nov. 19, 2025). As Judge Sánchez explained, "seeking admission" is an "affirmative, present-tense" phrase that implies affirmative conduct by a noncitizen. *Id.* This interpretation is incompatible with applying the term to all noncitizens already living in the United States. *See id.; see also Kashranov v. Jamison*, 2025 WL 3188399, at *1 (E.D. Pa. Nov. 14, 2025).

The Government relies on *Buenrostro-Mendez v. Bondi*, F.4th, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026), where the majority equated "applicant for admission" with "seeking admission" and adopted the Government's reading of § 1225(b)(2). This Court declines to follow that reasoning. Instead, it aligns with the extensive body of decisions nationwide and with Judge Douglas' dissent in *Buenrostro-Mendez*, which criticized the majority for distorting the statutory text, ignoring context and history, and disregarding the Supreme Court's understanding of the statutory scheme. *Ndiaye*, 2025 WL 3229307, at *4-8; *Singh v. Baltazar*, 2026 WL 352870, at *4-6 (D. Colo. Feb. 9, 2026); *Castañon-Nava*, 161 F.4th at 1062; *Buenrostro-Mendez*, 2026 WL 323330, at *10-18 (Douglas, J., dissenting).

The Court concludes that Mr. Camargo De Oliveria's mandatory detention without the opportunity for a bail hearing is unlawful. Accordingly, the Petition for Writ of Habeas Corpus is **GRANTED**.

5.      The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.